**John DOE, Plaintiff–Appellant,**

v.

**Officer BERGSTROM, Officer Trentz, Sgt. E.K. Anderson, Officer Jonathan Yochim and the City of Portland, Defendants–Appellees.**

No. 07–35784.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2009.

Filed March 2, 2009.

William N. Later, Portland, OR, for Plaintiff–Appellant.

Harry Auerbach, Chief Deputy City, Office of the City Attorney, Portland, OR, for Defendants–Appellees.

Before: PAEZ and RAWLINSON, Circuit Judges, and COLLINS,* District Judge.

MEMORANDUM **

Appellant John Doe ("Doe") appeals the district court's denial of his motion to proceed anonymously in his 42 U.S.C. § 1983 action that he filed against several members of the City of Portland Police Bureau after he was arrested and prosecuted for prostitution procurement activities. We have jurisdiction under the collateral order doctrine, *see Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1065–67 (9th Cir.2000), and we affirm. We review for an abuse of discretion the district court's decision to deny Doe permission to use a fictitious name. *Id.* at 1069.

Doe argues that he will experience embarrassment and may face difficulties finding employment if he is not allowed to proceed under a pseudonym, and that *Advanced Textile* compels the conclusion that he is therefore entitled to do so. He fur-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ther contends that the district court was required to consider whether additional measures of mitigation were available to protect Doe's privacy. We disagree.

Doe's purported need to proceed anonymously does not implicate the highly intimate, personal information contemplated in *Advanced Textile. See id.* at 1068. Indeed, Doe's arrest, prosecution and acquittal are matters of public record. Further, Doe has presented no evidence that the disclosure of the information he seeks to keep private may subject him to retaliation or harassment, or would require him to admit his intention to engage in illegal conduct. Absent this initial showing of need, the district court was not required to consider whether alternative measures of mitigation could be employed to protect Doe's privacy. *See id.* Accordingly, the district court's denial of Doe's motion to proceed anonymously did not constitute an abuse of discretion.

AFFIRMED.